# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRISTRATA TECHNOLOGY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 06-652-JJF |
| | ) | |
| EMULGEN LABORATORIES, INC. | ) | |
| DOCTOR'S DERMATOLOGIC FORMULA | ) | |
| AND BORLIND OF GERMANY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## OPENING BRIEF IN SUPPORT OF EMULGEN'S
## MOTION TO DISMISS AND TO CHANGE VENUE

Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com

OF COUNSEL:
Ronald A. Stearney, Jr.
Law Offices Of Ronald A. Stearney
211 W. Wacker Drive, Suite 500
Chicago, IL 60606
312-456-6900
ron@stearneylaw.com

DATED: April 5, 2007

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ............................................................................................ ii

I.  NATURE AND STAGE OF THE PROCEEDINGS ...........................................1

II.  SUMMARY OF ARGUMENT ...........................................................................2

III.  STATEMENT OF FACTS ..................................................................................2

IV.  STANDARD OF REVIEW .................................................................................3

V.  ARGUMENT

   A.  JURISDICTION OVER EMULGEN IS IMPROPER
       DUE TO INSUFFICIENT CONTACTS WITH THE
       FORUM STATE........................................................................................4

   B.  EXERCISE OF JURISDICTION WOULD BE
       IMPROPER UNDER THE DUE PROCESS CLAUSE
       OF THE UNITED STATES CONSTITUTION .......................................5

   C.  IN THE ALTERNATIVE, EMULGEN REQUESTS
       THAT THIS COURT TRANSFER THIS MATTER
       TO THE NORTHERN DISTRICT OF ILLINOIS
       PURSUANT TO 28 U.S.C. § 1404 AS THIS VENUE
       IS IMPROPER UNDER BOTH 28 U.S.C. § 1391(b),
       (c) AND 1400(b)......................................................................................6

VI.  CONCLUSION....................................................................................................9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*C.R. Bard, Inc. v. Guidant Corp.*,
997 F. Supp. 556 (D. Del. 1998).................................................................................... 7

*Helicopteros Nacionales de Columbia, S.A. v. Hall,*
466 U.S. 408 (1984)................................................................................................. 3, 5

*International Shoe Co. v. Washington,*
326 U.S. 310 (1945).................................................................................................... 5

*Jumara v. State Farm Ins. Co.,*
55 F.3d 873 (3d Cir. 1995) .......................................................................................... 7

*Merck & Co., Inc.  v. Barr Laboratories, Inc.,*
179 F. Supp. 2d 368 (D. Del. 2002) (Farnan, J.) .................................................. 3, 4, 5

*Omni Capital International Ltd. v. Rudolph Wolff & Co.,*
484 U.S. 97 (1987)...................................................................................................... 3

*Provident National Bank v. California Federal Savings and Loan Assoc.,*
819 F.2d 434 (3d Cir. 1987) .................................................................................... 3, 5

**Statutes**

10 *Del. C.* § 3104 ........................................................................................................... 1

28 U.S.C. § 1391(b) ....................................................................................................... 6

28 U.S.C. § 1400(a) .................................................................................................... 2, 9

28 U.S.C. § 1400(b) ....................................................................................................... 6

28 U.S.C. § 1400(b) ....................................................................................................... 6

28 U.S.C. § 1404 ............................................................................................................ 6

28 U.S.C. § 1404(a) ....................................................................................................... 6

**Rules**

Fed. R. Civ. P. 12(b)(2)................................................................................................... 8

Fed. R. Civ. P. 12(b)(3)................................................................................................... 9

Fed. R. Civ. P. 4(e) ........................................................................................................ 1

Fed. R. Civ. P. 45(c)(3)(A) ............................................................................................. 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TRISTRATA TECHNOLOGY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 06-652-JJF |
| | ) | |
| EMULGEN LABORATORIES, INC. | ) | |
| DOCTOR'S DERMATOLOGIC FORMULA | ) | |
| AND BORLIND OF GERMANY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**OPENING BRIEF IN SUPPORT OF EMULGEN'S**
**MOTION TO DISMISS AND TO CHANGE VENUE**

NOW COMES Defendant EMULGEN LABORATORIES, INC., (hereinafter "Emulgen") by and through its counsel, and for its Memorandum of Law in support of its motion pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), states as follows:

**I.    NATURE AND STAGE OF THE PROCEEDINGS**

This is a patent infringement action brought by a Delaware corporation against Defendant Emulgen which is an Illinois corporation. Plaintiff claims that Emulgen infringed on certain patents it has over compounds it suspects are present in Emulgen's skin care products. Plaintiff invoked the jurisdiction of this court via the Delaware long arm statute, 10 *Del. C.* § 3104, and served Emulgen pursuant to Fed. R. Civ. P. 4(e) via the Delaware Secretary of State on February 13, 2007. (Affidavit of Service of Summons attached as Exhibit A). Emulgen now seeks to dismiss the action for lack of personal jurisdiction, insufficiency of service of process and to change venue.

## II.    SUMMARY OF ARGUMENT

Emulgen seeks dismissal for lack of personal jurisdiction both under the Delaware long arm statute and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Finally, Emulgen will demonstrate that the Plaintiff's choice of venue is wrong and that Plaintiff fails to satisfy statutory requirements for venue in this District.  In the alternative, Emulgen requests that this Court transfer the matter to the Northern District of Illinois for the convenience of the parties pursuant to 28 U.S.C. § 1400(a).

## III.    STATEMENT OF FACTS

Emulgen is an Illinois corporation which has its principal place of business in Des Plaines, Illinois.  (Affidavit of Dr. Santimoy Banerjee attached as Exhibit B).  Emulgen makes a skin care product known as Liftvisage and is a closely held corporation.  (*Id.*)  Its principal, Dr. Santimoy Banerjee started the company in 1994 and began to actively market its product in 1998.  (*Id.*)  Dr. Banerjee holds a Ph.D. in biochemistry.  Emulgen does not have any offices, telephone lines, bank accounts, service centers, employees, or salespersons in Delaware.  (*Id.*)  Emulgen does not possess real or personal property in Delaware.  (*Id.*)

Emulgen has not directly solicited customers in Delaware via telephone, salespersons, direct mail, or any other manner in which a real person was discreetly contacted.  (*Id.*)  In the last three years Emulgen has received orders from approximately four individuals who have requested that their products be shipped to Delaware addresses.  (*Id.*)  Emulgen received those orders as a result of a contract with a marketing company which conducted an e-mail campaign.  (*Id.*)  Emulgen has no knowledge whether the Delaware addresses were the ultimate destination of its products or if the products were used in Delaware.  Of these orders, three Delaware

2

customers placed orders in 2006, none were placed in 2005 and one sale was made in 2004. In those respective years, Emulgen's gross revenue was

| | |
|---|---|
| 2006 | $223,209 |
| 2005 | $148,127 |
| 2004 | $551,179 |
| 2003 | $334,637 |

The total value of all of the Delaware orders was $343.65 in 2006 or **0.0015%** of revenue, $0.00 in 2005, and $42.95 or **0.00008%** of revenue in 2004.

## IV.    STANDARD OF REVIEW

"Before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum.  There must also be a basis for the defendant's amenability to service of summons.  Absent consent, this means there must be an authorization for service of summons on the defendant." *Omni Capital International Ltd. v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987).  The foregoing principle is essentially a determination of whether there is amenability of service and whether the exercise of jurisdiction offends the defendant's right to due process.

Once a jurisdictional defense is raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction. *Provident National Bank v. California Federal Savings and Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987).  There are two types of jurisdiction: specific and general.  Specific arises out of the defendant's particular activities in the forum state and general arises out of continuous and systematic contacts with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 416 (1984).

V.    **ARGUMENT**

A.    **JURISDICTION OVER EMULGEN IS IMPROPER DUE TO INSUFFICIENT CONTACTS WITH THE FORUM STATE.**

The case of *Merck & Co., Inc. v. Barr Laboratories, Inc.* applies squarely to the facts of this case. 179 F. Supp. 2d 368 (D. Del. 2002) (Farnan, J.). In *Barr*, the plaintiff, Merck, instituted a patent infringement proceeding against an out of state generic drug manufacturer. *Barr*, 179 F. Supp. 2d at 370. Defendant Barr moved to dismiss claiming that the district court could not exercise personal jurisdiction over it due to insufficient contacts with Delaware. *Id.* In support of that contention, Barr presented facts that its total Delaware revenue was less than 0.13% of total revenue and that it did not have any offices, telephone listings, bank accounts or advertising in Delaware. Although Barr did have a contract with a Delaware corporation for storage and distribution and it did have one Delaware customer. Barr derived $991,000 of revenue from Delaware. This Court held that the foregoing facts were insufficient to confer general jurisdiction over Barr. *Id.* at 373.

The facts present in this case are almost identical to those of *Barr*. Just as in Barr, Emulgen is a foreign corporation which does not have any offices, telephone listings, employees or advertising in Delaware. The amount of revenue derived from the Delaware customers is also *de minimis* compared to the almost $1 million in revenue secured by Barr. As a percentage of revenue, Barr took in 0.13% from Delaware whereas Emulgen, in a high year, took in 0.0015% of its revenue from Delaware. As a matter, of law, if 0.13% is insufficient, 0.0015% is categorically insufficient. Additionally, Emulgen does not have any bank accounts, personal or real property in Delaware and does not have any ongoing contracts with Delaware customers.

The sole basis for any contact with Delaware were the few orders secured through an e-mail marketing campaign conducted by a third party. However, Emulgen did not target

4

Delaware and was not aware that Delaware residents would receive e-mails since the e-mail list was held by the third-party marketing company. This is similar to the contract that Barr had with its Delaware distributor except that in *Barr*, the facts were more compelling in favor of general jurisdiction since the contract was ongoing and continued to derive additional revenue. The *Barr* court found that this was minimal and insufficient and that the third-party was not an agent of Barr. *Id.* The facts present in this case swing further in Emulgen's favor on the spectrum of minimum contacts. Emulgen did not target Delaware residents and the actions of the marketing company cannot be attributed to Emulgen for purposes of the minimum contacts analysis. For these reasons, the requirements of Section 3104 of the Delaware long-arm statute are not met, general jurisdiction does not exist and this Court should dismiss based on the same rationale as in *Barr*.

## B.    EXERCISE OF JURISDICTION WOULD BE IMPROPER UNDER THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION.

Due process requires that a defendant have minimum contacts with the forum state to ensure that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To maintain general jurisdiction over a foreign defendant, the facts must establish continuous and systematic general business contacts with the forum state (*Helicopteros*, 466 U.S. at 416) and more than mere minimum contacts. *Barr*, 179 F. Supp. 2d at 375 (citing *Provident National Bank v. California Federal Savings & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987)).

In *Barr*, the court did not find sufficient contacts with Delaware to exert jurisdiction that would pass constitutional muster. The *Barr* court looked at the same facts presented for the long arm statute analysis and found they were insufficient. Here again, as stated *supra*, Emulgen has almost no contacts with Delaware except for the $353.65 in 2006 and $42.95 in 2004 which are

insignificant amounts of revenue in any context. The remainder of the facts that persuaded the *Barr* court appear here as well: a foreign entity, no real or personal property in the forum state, no telephone listings, no advertising, no employees and no bank accounts. There are almost no contacts with Delaware at all.

C.   **IN THE ALTERNATIVE, EMULGEN REQUESTS THAT THIS COURT TRANSFER THIS MATTER TO THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. § 1404 AS THIS VENUE IS IMPROPER UNDER BOTH 28 U.S.C. § 1391(b), (c) AND § 1400(b).**

None of the statutory provisions cited by the Plaintiff support this venue. First, Section 1391(b) provides that Plaintiff may bring this action in a district where defendant resides or a district in which a substantial part of the events or omissions giving rise to the claim occurred. Neither of these apply here as (1) defendant does not reside in the state of Delaware and (2) Plaintiff does not allege that a *substantial* part of the events giving rise to the claim occurred in Delaware. As stated above, less than $400 of sales were made in Delaware in the last few years. This is not substantial.

Second, Section 1400(b) allows Plaintiff to bring an action for patent infringement in a judicial district where defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business. The answer to the first proviso of Section 1400(b) is no – Defendant is an Illinois corporation with its principal place of business in Illinois. The alternate provision of Section 1400(b) allows for an action to be maintained in a venue in which the defendant committed acts of infringement and has its principal place of business. Because Emulgen only maintains a place of business in Illinois, Illinois is the only place where 1400(b) could apply. As a matter of statutory interpretation, venue is improper in Delaware under either of the provisions cited by Plaintiff.

6

In the alternative, Emulgen requests that this Court transfer this matter to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) as a matter of convenience to the parties. In this case, the actual witnesses and documents are all in Illinois. The only conceivable witness for Plaintiff would be an expert, but experts can be retained anywhere in the United States and it would only be one witness. Moreover, Emulgen is a closely held corporation and all of its principals and agents are in Illinois. Emulgen also does not have the resources that Plaintiff has and to maintain this action in this district would result in an injustice if Emulgen would not be able to present its case due to a lack of resources. Additionally, Plaintiff has no reason to maintain this action in Delaware other than it is its "home turf". Plaintiff is entitled to deference as to its selection of forum only if it is for some legitimate reason. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998). In fact, one of Plaintiff's counsel is located in Chicago, Illinois (just a few blocks away from defense counsel) so there is not that great of a burden on Plaintiff as far as choice of counsel goes.

The Third Circuit has stated that there is no definitive formula or list of factors to consider when entertaining a request for transfer, but has identified potential private and public factors. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The private factors include: (1) plaintiff's choice of forum; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records. *Id.* (citations omitted).

Emulgen believes that factors 2, 3, 4, 5 and 6 are in its favor. To the extent that there is a claim of infringement, it did not arise in Delaware, it arose in Illinois. The convenience of the

parties is in Emulgen's favor since its physical and financial condition warrants litigating in Illinois. Emulgen cannot afford to pay two lawyers, but Plaintiff clearly can since it employs counsel in both jurisdictions.  It cannot argue that it will be at a disadvantage.  The majority of the fact witnesses will be located in Illinois.  Unavailability for trial is necessarily determined by Rule 45 which is the method by which witnesses may be compelled to testify.  A subpoena may be quashed which requires a witness to travel more than 100 miles or which creates an undue burden.  (Fed. R. Civ. P. 45(c)(3)(A)).  The majority of the documents will be produced in Illinois as well as the witnesses thereby requiring that the Northern District of Illinois issue the majority of the subpoenas.  Finally, the freight for moving all of these witnesses to Delaware would be substantial.

The public interests include:   (1) the enforceability of the judgment;  (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two for a resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  *Id.* (citations omitted).  With respect to these factors, Emulgen is favored as well.  There is no question that the judgment will have to be enforced in Illinois.  Practically speaking, almost all of the witnesses and lawyers will travel from Chicago to Delaware for trial (including Plaintiff's own counsel).  There is no local interest in Delaware hearing this action as Delaware has only $400 of sales through Emulgen and, at the other extreme, the maximum revenue derived by Emulgen is probably a pittance of Plaintiff's total revenue if the verdict it obtained against Mary Kay cosmetics is any measure. The remaining factors do not apply.  Therefore, this Court should transfer this matter to the

Northern District of Illinois for adjudication as there is little or no statutory basis for maintaining venue in the District of Delaware.

## VI.    CONCLUSION

For the foregoing reasons, Defendant EMULGEN LABORATORIES, INC. requests that this Court dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2), or to transfer to the Northern District of Illinois pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1400(a).

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com

OF COUNSEL:
Ronald A. Stearney, Jr.
Law Offices Of Ronald A. Stearney
211 W. Wacker Drive, Suite 500
Chicago, IL 60606
312-456-6900
ron@stearneylaw.com

DATED: April 5, 2007

## CERTIFICATE OF SERVICE

I, Karen E. Keller, hereby certify that on April 5, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Arthur G. Connolly, III, Esquire
> Connolly Bove Lodge & Hutz LLP
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE 19899

I further certify that on April 5, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

> **BY FACSIMILE AND U.S. MAIL**
>
> Michael O. Warnecke, Esquire
> Debra Rae Bernard, Esquire
> Douglas L. Sawyer, Esquire
> Aric S. Jacover, Esquire
> MAYER, BROWN, ROWE and MAW LLP
> 71 South Wacker Drive
> Chicago, IL  60606
> (Fax: 312-701-7711)

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
kkeller@ycst.com
*Attorneys for Defendant Emulgen Laboratories, Inc.*

# EXHIBIT A

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me(1) | 2/13/07 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| GRANVILLE MORRIS | SPECIAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify): SERVED: EMULGEN LABORATORIES, INC. C/O THE DELAWARE SECRETARY OF STATE DOVER, DE. COPIES THEREOF WERE ACCEPTED BY KAREN CHARBANEAU

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 2/13/07
_____
Date

_____
Signature of Server
BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE. 19899-1360
302-475-2600

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT B

APR-05-2007 10:25 AM   EMULGEN.LABS.INC.              847 227 8102              P.01

# AFFIDAVIT OF SANTIMOY BANERJEE, PhD.

The undersigned affiant, under penalties of perjury, does hereby state and attest under oath, that if he was called to testify in this matter, would testify consistent with the following:

1.    My name is Santimoy Banerjee and I am the president of Emulgen Laboratories, Inc. which is incorporated in Illinois and has its principal place of business in the village of Des Plaines, Illinois. I possess a doctor of philosophy in biochemistry which I have possessed for 34 years. I founded Emulgen in December 1994 with the purpose of marketing skin care products. Emulgen began to actively market in the United States in 1998. At this time, I am the only employee of Emulgen.

2.    Emulgen has one product known as Liftvisage. Based on my review of the current records at hand, in the years 2003-2006, there were very few orders placed from customers in the State of Delaware. Of these orders, three Delaware customers placed orders in 2006, none were in 2005 and one sale was made in 2004. In those respective years, Emulgen's gross revenue was

| | |
|---|---|
| 2006 | $223,209 |
| 2005 | $148,127 |
| 2004 | $551,179 |
| 2003 | $334,637 |

The total value of all of the Delaware orders was $343.65 in 2006 or .0015% of revenue, $0.00 in 2005, $42.95 or .00008% of revenue in 2004.

3.    Emulgen does not have any offices, telephone lines, bank accounts, service centers, employees, or salespersons in Delaware. Emulgen does not possess

real or personal property in Delaware. Emulgen has not directly solicited customers in Delaware via e-mails, telephone, salespersons, direct mail, or any other manner in which a real person was directly contacted. Emulgen has contracted with marketing companies for e-mail solicitations, but has no way of knowing to what degree e-mail addresses on that last were Delaware recipients. Emulgen believes that the Delaware customers responded as a resulted of the email campaign.

**FURTHER AFFIANT SAYETH NAUGHT**

I declare under penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 4, 2007

Santimoy Banerjee, PhD.